The opinion of the court was delivered by
Fenner, J.
The only question involved in this ease is whether the inhabitants of an incorporated town are liable to public road duty under ordinances of the police jury of the parish in which the town is situated.
We have held that, under the legislation of the State “police juries are clothed with plenary and exclusive power to regulate by ordinances the manner of making and repairing public roads in their respective parishes.” Barrow vs. Hepler, 34 An. 362; St. Landry vs. Stout, 32 An. 1278.
Act 112 of 1880 authorizes police juries to “appoint overseers of highways or roads, who are to summon all male persons from the age of 15 to 50 (except ministers of the gospel and such other persons as are or Shall be exempt) * * to work on the public roads,” and authorizes infliction of penalties for failure’or refusal to work.
Defendant does not deny that he was liable to said)duty up to the year 1888, when, under the general Town Incorporation Act No. 49 of 1882, the inhabitants of a certain portion of the parish organized themselves into an incorporated town called Provencal. He claims that this fact operates an exception of himself and his fellow townsmen from road duty. Why? Nothing in the act authorizing the organization of towns expresses, or even hints at, such an exemption. No one will dispute that the granting or refusing of such exemption was clearly within the legislative power and a matter of legislative option. The Act 112 of 1880 expressed the legislative will authorizing the police jury to require such service from “ all male” inhabitants of the parish, and defendant is such an inhabitant. This act has never been repealed, and the Town Incorporation Act contains nothing inconsistent with it. It is well settled that the property and inhabitants of an incorporated town remain subject to property and license taxation by the police jury of the parish, unless specially exempted by the Legislature. Iberia vs. Chiapella, 30 An. 1143.
The same principle must apply to road duty, which, though not a, tax, is a forced contribution subject to legislative delegation.
*408 The public roads of a parish are matters of concern to all the inhabitants of a parish wherever they reside.
Whatever may be said of the policy or justice of such exactions ■from inhabitants of incorporated towns, we can look only to the law -of the case.
We have carefully examined the various authorities cited by counsel for defendant, but do not find them applicable to this case. The right here recognized conflicts in no manner with the town’s exclusive control of its own streets and highways, nor with any other of its proper municipal privileges.
Judgment affirmed.